UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>**Manuel PONCE-Tovar,**<br><br>　　　　　Defendant | Magistrate Docket No. **08 MJ 1828**<br><br>COMPLAINT FOR VIOLATION OF:<br><br>Title 8, U.S.C., Section 1326<br>Deported Alien Found in the<br>United States |

　　　　The undersigned complainant, being duly sworn, states:

　　　　On or about **June 10, 2008** within the Southern District of California, defendant, **Manuel PONCE-Tovar**, an alien, who previously had been excluded, deported and removed from the United States to **Mexico**, was found in the United States, without the Attorney General or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8 United States Code, Section 1326.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　SIGNATURE OF COMPLAINANT
　　　　　　　　　　　　　　　　　　　　　　　　　　　James Trombley
　　　　　　　　　　　　　　　　　　　　　　　　　　　Senior Patrol Agent

SWORN TO BEFORE ME AND SUBSCRIBED IN MY PRESENCE, THIS **12th** DAY OF **JUNE, 2008**

　　　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　　　Ruben B. Brooks
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

CONTINUATION OF COMPLAINT:
Manuel PONCE-Tovar

## PROBABLE CAUSE STATEMENT

On June 10, 2008, Border Patrol Agent R. Campos was conducting Border Patrol duties in Chula Vista, California. This area is located approximately five miles west of the Otay Mesa, California Port of Entry and is located approximately ten miles north of the United States/Mexico International Boundary. Undocumented aliens attempting to further their illegal entry into the United States commonly use this area.

Agent Campos was driving a marked Border Patrol vehicle, in full rough duty uniform, westbound on Otay Lakes Road and came to a stop at a red light at the intersection of Otay Lakes Road and Lake Crest Drive. Agent Campos observed to his left, a green extended cab pickup truck waiting to make a left hand turn onto Otay Lakes Road westbound. Agent Campos was able to notice that the driver appeared to look nervous and an individual sitting in the front passenger seat before it made the left hand turn. As the green pickup truck made the left hand turn, Agent Campos was able to see two individuals attempting to conceal themselves in the back seats. Agent Campos began to follow the pickup truck and ran record checks on the vehicle. As Agent Campos approached the vehicle, he initiated a vehicle stop on the green pickup truck and the vehicle yielded.

At approximately 4:55 p.m., Agent Campos approached the vehicle and identified himself as a United States Border Patrol Agent in both the English and Spanish languages to the individuals in the vehicle. Agent Campos then questioned the individuals, including one later identified as the defendant **Manuel PONCE-Tovar**, as to their immigration status. The defendant stated that he was a legal United States resident but that he was running late that morning and forgot his Resident Alien card at home. Agent Campos then asked the defendant how he had obtained his immigration status and he stated that he received it through his wife who is a United States citizen. Agent Campos then asked if he had any identification and he presented a California drivers license. Agent Campos requested records checks, via sector communications, on the driver's license and was unable to find any immigration history on the defendant but did find an extensive criminal history including several deportations. Agent Campos confronted the defendant with this information and he admitted that he had lied about having a Resident Alien card. The defendant also stated that the criminal history in fact was his and that he had previously been deported. The defendant admitted to being a citizen and national of Mexico not in possession of proper immigration documents that would allow him to be in or remain in the United States legally. The defendant was placed under arrest and transported to the Brown Field Border Patrol Station for processing.

Routine record checks of the defendant revealed a criminal and immigration history. The defendant's record was determined by a comparison of his criminal record and the defendant's current fingerprint card. Official immigration records of the Department of Homeland Security revealed the defendant was previously deported to **Mexico on December 12, 2001** through **Nogales, Arizona.** These same records show that the defendant has not applied for permission from the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security, to return to the United States after being removed.

The defendant was read his Miranda rights, which he acknowledged and was willing to make a statement without an attorney present. The defendant stated that he was a citizen and national of Mexico without valid immigration documents to enter or remain within the United States legally